IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DEBRA S. CLIFTON,

    Plaintiff,

vs.                                            CASE NO. 1:06CV76-MMP/AK

MICHAEL J. ASTRUE,[1]
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

    Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.     **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on August 24, 1999, and was found disabled as of August 1, 1999, because of chronic obstructive pulmonary disease.  Pursuant to a continuing disability review, it was determined that her disability ceased as of January 2004, and her benefits would end on March 31, 2004.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on June 7, 2005, and entered an unfavorable decision on August 10, 2005. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.     **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff was disabled on August 1, 1999, which is the most recent favorable medical decision based on the criteria in Listing 3.02C due to chronic obstructive pulmonary disease.  (R. 23).  The medical evidence establishes that there has been medical improvement since the most recent favorable decision, but that she suffers from chronic pulmonary insufficiency and an affective disorder which are severe impairments within the meaning of the Act, but which do not meet any listing requirements.  (R. 23).  Plaintiff's allegations are inconsistent with the minimally positive clinical and laboratory findings and are therefore not persuasive.  (R. 23).  Plaintiff has the RFC to perform a full range of light work.  Applying the "grids," specifically Rule 202.17 and considering her age, education and work experience, she is not disabled.

**No. 1:06CV76-MMP/AK**

**C.    ISSUES PRESENTED**

Plaintiff argues that the record does not support a finding of medical improvement as of January 2004; and the ALJ erred in not utilizing the testimony of a vocational expert because Plaintiff has non-exertional limitations of chronic pain, COPD and depression, which requires a expert.

The government responds that the medical evidence supports a finding that her condition has improved; that her reported daily activities do not support her allegations of pain and limitation; and she has received no mental health treatment, which does not support her allegation of severe mental limitations.  Finally, the date the ALJ picked to terminate her benefits is supported by the regulations as the first month she received notice of the termination and is therefore not an arbitrary date.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

Once a claimant becomes entitled to disability benefits, their continued entitlement must be reviewed periodically. 20 CFR §416.994(a). An individual's disability will be found to have ceased if there has been medical improvement related to the individual's ability to work or one of the exceptions to medical improvement applies and the individual is able to engage in substantial gainful activity. Id. Medical

**No. 1:06CV76-MMP/AK**

improvement is defined as the decrease in the medical severity of the impairment(s) which were present at the time of the most recent favorable medical decision that the claimant was disabled. 20 CFR §416.994(b)(1)(I).

There are seven sequential steps the ALJ uses in reviewing the question of whether disability continues. 20 CFR §416.994(f). The review may end and benefits may be continued at any point if it is determined that the individual is still unable to engage in substantial gainful activity.

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have a severe impairments that meet or equal those l listed in Appendix 1 of 20 C.F.R. Part 404?

3. Has there been medical improvement and, if so, is it related to the ability to work?

4. Do any exceptions to the medical improvement standard apply?

5. Does the individual have a severe impairment or combination of impairments?

6. Can the individual do past relevant work?

7. Can the individual do any other work?

The exceptions to medical improvement referred to in Step 4 are:

1. The individual has benefitted from advances in medical or vocational therapy or technology (related to his ability to work).

2. The individual has undergone vocational therapy (related to his ability to work).

**No. 1:06CV76-MMP/AK**

3. Based on new or improved diagnostic or evaluative techniques, the individual's impairment is not as disabling as it was considered to be at the time of the most recent favorable decision.

4. Any prior disability decision was in error.

5. The individual is currently engaging in substantial gainful activity.

The regulations provide that the review may end at any time and the individual's disability may be found to have ended at any time if one of the following exceptions is established:

1. A prior determination was fraudulently obtained.

2. The individual does not cooperate.

3. The individual cannot be found.

4. The individual fails to follow prescribe treatment which would be expected to restore his ability to engage in substantial gainful activity.

20 CFR §416.994(e).

If a claimant's most recent favorable decision was based on meeting a listing and medical improvement has occurred, the ALJ will find that the medical improvement was related to the ability to work. 20 CFR §416.994(b)(2)(iv)(A).

The regulations provide that an individual's disability will be found to have ended in the month the evidence shows that the individual is no longer disabled, but not earlier than the month in which the Social Security Administration mails a notice providing the information that shows an individual is no longer disabled. 20 CFR §416.994(g).

**No. 1:06CV76-MMP/AK**

### E.   SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff's treating sources after her disability award show that she was treated for a pelvic mass for which she had a hysterectomy with no complications. (R. 362-373). These notes indicate a history of heavy tobacco, alcohol and narcotics abuse. (R. 344-349, 351, 359, 361, 362, 365). There were numerous entries concerning requests for pain medication, with discussions about smoking cessation, but nothing which would indicate a consistent treatment for COPD, heart problems or other pulmonary issues.

Pulmonary studies conducted on April 29, 2002, showed "good airflow," "mild obstruction with an FEV1 of 80-83% of predicted and an FEV1 percent of FVC of 63-64% of predicted however the lung volumes and the diffusion capacity were normal." (R. 249, 251). The heart size was small and no pulmonary medications were recommended. (R. 249). Plaintiff continued to smoke 2 to 3 packs of cigarettes a day at this time. (R. 254). It was concluded that "[t]his type of small airways disease can be seen in cigarette smokers." (R. 256). A chest x-ray taken at this time showed no evidence of congestive heart failure, but the lungs were "hyperinflated, consistent with COPD." (R. 264).

Pulmonary Function Studies dated November 5, 2003, show FEV levels of 2.03 (pre-bronchodilatation) and 2.26 (post-bronchodilatation) which are way above the levels required to meet Listing 3.02 for a person 61" in height. (R. 285-316). See 20 CFR. Pt.404, Subpt P, App. 1, p. 452 (FEV equal to or less than 1.15).

**No. 1:06CV76-MMP/AK**

The latest Pulmonary Study conducted on February 11, 2005, was "normal." (R. 402)

Plaintiff reported to Dr. Greenberg, who performed a consultative examination on November 6, 2003, that she continued to smoke and suffered from shortness of breath, for which she took no medication, that she had hypertension, but she took no medication for this either. (R. 317). He found that her FEV levels were mildly reduced, but that her FVC levels were normal. (R. 318). He was of the opinion that she suffered from "mild obstructive ventilatory defect consistent with [her] history of cigarette smoking," hypertension, probably osteoarthritis of the cervical and lumbar spine, atypical chest pain, and chronic depression. (R. 318). Dr. Greenberg prepared a RFC which found her able to sit for 3 to 4 hours at a time, up to 7 or 8 hours a day 5 days a week. (R. 404). He also found her capable of standing 2 to 3 hours at a time up to 5 or 6 hours a day, 5 days a week, increased to 7 or 8 hours a day, 5 days a week with a sit/stand option. (R. 405).

A report from psychologist, Dr. Candace Valenstein, dated October 22, 2003, found no evidence of clinical depression, that Plaintiff's short term memory, level of concentration and attention were within normal limits, and that she exhibited the intellectual ability to perform basic work related skills. (R. 283).

Another psychological evaluation dated May 24, 2005, by Dr. William Beaty found Plaintiff capable of work related activities and in need of employment/placement counseling. (R. 410).

**No. 1:06CV76-MMP/AK**

A Mental RFC Assessment done on January 16, 2004, finds her only moderately limited in her abilities to concentrate and pay attention due to her alcoholism, but otherwise not significantly limited. (R. 334-337, 374-375). A Psychiatric Review Form is in conformity with this assessment (R. 320-333) and another one assessing her depression and anxiety reaches similar conclusions. (R. 379-393).

A Physical RFC gives her a light exertional level limited only to exposure to fumes, odors, gases and poor ventilation. (R. 340).

F.   **SUMMARY OF THE ADMINISTRATIVE HEARING (held June 7, 2005)**

Plaintiff was 49 years old at the time of the hearing with a ninth grade education. (R. 415-416). She states that she became disabled on January 1, 1995, as a result of numbness in her arms and pain in her lower back and kidney, although she has had these problems for 27 years. (R. 417, 418). The pain she experiences from these areas is the maximum "10." (R. 419). She also has memory problems which she has had all her life. (R. 419). She quit alcohol a few months prior to the hearing and still smokes sometimes 3 packs a day. (R. 417). She describes fear, bad dreams and depression that she has had for many years as a result of abuse in her past, and she takes medication for this. (R. 425).

G.   **DISCUSSION**

The medical evidence set forth above amply supports the ALJ's finding of medical improvement. Further, the Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's

**No. 1:06CV76-MMP/AK**

nonexertional impairments are so severe as to prevent a full range of employment at the designated level."  Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).

The multiple RFC's in the record support the ALJ's finding that Plaintiff can perform a full range of light work.  There is nothing in the medical record to support a finding that her COPD is so severe as to cause her any functional limitation.  Her pulmonary studies were near normal and she admitted at the hearing that she takes no medication for this condition and continues to smoke nearly 3 packs of cigarettes a day.  Further, she has sought no mental health treatment for her depression and anxiety and admitted at the hearing that she has had these problems for most of her life, which means that she worked previously with these same conditions.  When a claimant has worked with an impairment over a period of years, the ALJ may properly consider the condition not disabling, absent a showing that the condition had significantly deteriorated.  Orrick v. Sullivan, 966 F.2d 368, 370 (8th Cir. 1992); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).  See also Villarreal v. Apfel, 2000 WL 1135547 (S.D. Ala. 2000) (where plaintiff worked full time for 15 years with pain following her surgery,

**No. 1:06CV76-MMP/AK**

this history is at odds with her claim that she suddenly became disabled by this pain on the date she quit her job).

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **15th** day of June, 2007.

       *s/ A. KORNBLUM*
       **ALLAN KORNBLUM**
       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV76-MMP/AK**